UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | No. 2:09-CR-45 |
| | ) | |
| SUNNAH MADDOX, *ET AL.* | ) | |

## **REPORT AND RECOMMENDATION**

The defendant Maddox has filed a motion to suppress all evidence seized upon the execution of what he characterizes as unlawfully issued warrants. (Doc. 254). The thrust of his motion is that the warrants – federal search warrants – were signed by Thomas J. Wright, a Circuit Judge for the state of Tennessee; that Judge Wright is a judge in the Third Judicial District for the state of Tennessee; that the warrants authorized searches of properties in Washington County, Tennessee, which is in the First Judicial District; and because Judge Wright has "no jurisdiction" in the First Judicial District, the warrants were invalid.

Rule 41(b) of the Federal Rules of Criminal Procedure provide that a search warrant may be issued by a federal magistrate judge in the district, or – if none is available – by a judge of a state court of record in the district.

The warrants were applied for on May 7, 2009, at which time every magistrate judge in this district was attending the Sixth Circuit Judicial Conference in Columbus, Ohio (as were the district judges). Brian Vicchio, an agent with the Drug Enforcement Administration Task Force, along with Assistant United States Attorney Neil Smith, submitted the

application for the search warrants to Judge Wright.

Defendant notes that the application did not recite that no federal judicial officer was available and he argues that as a result the warrant is somehow defective. He cites no authority in support of that argument. The *fact* that there was no magistrate judge available in the district on May 7, 2009, is all that is required to trigger Rule 41(b); no "magic words" are necessary. And the recollection of this magistrate judge is sufficient to establish that every magistrate judge of the Eastern District of Tennessee attended the Sixth Circuit Conference in Ohio during the time in question.

Defendant's main argument is that Judge Wright, as a Circuit Judge of the Third Judicial District of Tennessee, has no jurisdiction in the First Judicial District, and therefore has no authority to sign federal search warrants for property located in the First Judicial District. Again, defendant has no legal support for his argument. His basic premise – that Judge Wright has no "jurisdiction" outside the Third Judicial District –is flatly wrong:

> The judges and chancellors are, notwithstanding § 17-1-102 judges and chancellors of the state at large, and as such, may, upon interchange and upon other lawful ground, exercise the duties of office in any other judicial district in this state.

Tenn. Code Ann. § 17-1-203.

Under state law, Judge Wright has as much "jurisdiction" in any judicial district in this state as he does in the Third.

Under F.R.Crim.P. 41(b), if no magistrate judge is available, a state judge with authority *in the district* may sign a federal search warrant. In Rule 41(b), "district" of course

2

refers to the federal judicial district wherein lies the property to be searched. This court takes judicial notice that Washington County is within the federal Eastern District of Tennessee, as is every county within the Third Judicial District, including Greene County. Judge Wright was and is a state judge "in the district."

Defendant also argues that the warrant should be invalidated and all evidence seized thereunder suppressed because the officer who returned the warrant failed to note on his return the time the warrant was executed as required by Rule 41(f)(1)(A).

The requirement that there be a notation of the time of day a warrant is executed is purely ministerial, and the lack of that notation does not require suppression of any evidence seized pursuant to the warrant. *United States v. McKinsey*, 446 F.2d 949, 954 (6th Cir. 1971). The United States' response recites that the warrants were executed before 8:00 p.m. on May 7, 2009, well within the "daytime" as required by Rule 41(e)(2)(A)(ii) and 41(a)(2)(B). Defendant did not contest that assertion.

Defendant's motion to suppress, Doc. 254, has no legal support, and it is respectfully recommended that it be denied.[1]

Respectfully submitted,

                                                       s/ Dennis H. Inman
                                                United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be filed within fourteen (14) days of its service or further appeal will be waived. 28 U.S.C. 636(b)(1).

3