UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE


UNITED STATES OF AMERICA      )
      )
V.      )      No. 2:09-CR-45
      )
SUNNAH MADDOX, *ET AL.*      )


## REPORT AND RECOMMENDATION

During the investigation phase of this case, United States District Judge Greer signed two orders authorizing the interception of wire and electronic communications, as well as several extensions of those authorizations.[1]  Many calls, i.e. verbal conversations, and text messages were intercepted.

Defendant has filed a motion to suppress all evidence obtained as a result of those wiretaps and electronic interceptions.[2] (Doc. 257).  He argues (1) there was no probable cause to authorize the first wiretap; (2) under the "fruit of the poisonous tree" analysis, every subsequent interception should be invalidated; (3) the affidavits filed in support of the second and all following applications recited only "conclusory, speculative, stale, and/or impermissibly misleading or reckless statements' that did not establish probable cause; (4) the applicant/affiant failed to comply with 18 U.S.C. § 2518(1)(c) by failing to establish that

---

[1]2:08-MC-07 and 2:09-MC-07.

[2]Most, if not all, of the intercepted calls and messages were cell phone calls and text messages.  For the sake of convenience, the interceptions will be referred to as "wiretaps."

investigative procedures short of wiretaps had been unsuccessfully attempted, or that other

procedures likely would be unsuccessful; (5) the wiretaps lasted a total of seven months

which was "longer than necessary" in violation of 18 U.S.C. § 2518(5); and (6) the

eavesdropping agents failed to "minimize" their wiretapping activities in violation of 18

U.S.C. § 2518(5).

This motion has been referred to the magistrate judge pursuant to the standing order

of this Court and 28 U.S.C. § 636.  A hearing was held on June 21, 2010.

*APPLICABLE LAW*

The statutory authorization for the interception of wire, electronic, and oral

communications is set out in 18 U.S.C. § 2510, *et. seq.*  The procedure to be used in applying

for, and authorizing, the interception of such communications is described in § 2518.

Included within that section are the substantive matters that must be included within an

application and the court's order.

Basically, the standards for the authorization of a wiretap or other interception of a

communication are similar to those that are necessary for the issuance of a search warrant;

there must be probable cause to support a wiretap authorization,  which is determined  on the

"totality of the circumstances" in a "reasonable and common sense manner."  *United States*

*v. Alfano*, 838 F.2d 158, 161 (6th Cir.), *cert*. denied, 488 U.S. 910 (1988).  If the totality of

the circumstances indicates that there is a fair probability that a wiretap will uncover

evidence of a crime, then a wiretap order may issue.  *See, e.g., United States v. Giacalone*,

853 F.2d 470, 478 (6th Cir. 1988).

An application to extend a wiretap beyond the time authorized in the original order must be supported to the same extent as an original Title III application. *United States v. Corrado*, 227 F.3d 528, 539 (6th Cir. 2000).

Wiretaps should not be "routinely employed as the initial step in criminal investigation," *United States v. Giordana*, 416 U.S. 505, 515 (1974), and they should not be used "in situations where traditional investigative techniques would suffice to expose the crime," *United States v. Kahn*, 415 U.S. 143, 153 n. 12 (1974). "However, the government is not required to prove that every other conceivable method has been tried and failed or that all avenues of investigation have been exhausted." *Alfano*, 838 F.2d at 163. "All that is required is that the investigators give serious consideration to the non-wiretap techniques prior to applying for wiretap authority and that the court be informed of the reasons for the investigator's belief that such non-wiretap techniques have been or will likely be inadequate." *United States v. Lambert*, 771 F.2d 83, 91 (6th Cir.) *cert*. denied, 474 U.S. 1034 (1985).

*PROBABLE CAUSE FOR THE INITIAL AUTHORIZATION* (No. 2:08-MC-07)

Much, but definitely not all, of the probable cause in the initial application and supporting affidavit consists of information supplied by two confidential informants, CS-1 and CS-2. The reliability of information supplied by an informant is to be determined on the basis of the "totality of the circumstances" test of *Illinois v. Gates*, 460 U.S. 213, 238 (1983).

Defendant argues that CS-1 is a convicted drug felon who is seeking a downward

departure in this court, as a result of which he is of "extremely dubious credibility." The fact that CS-1 was willing to cooperate with law enforcement in order to receive a downward departure in his ultimate sentence is hardly a basis for a district judge to out-of-hand ignore that informant's information contained in an affidavit for a search warrant or wiretap. Defendant's suggestion in his brief that CS-1's reliability had not been adequately corroborated is simply incorrect. The affiant recited that CS-1 had arranged for the delivery of a large shipment of drugs for the Drug Enforcement Administration in February 2008; he had provided information to the DEA to assist the Washington County Sheriffs Department in an internal investigation that ultimately led to two arrests; and information and assistance provided by CS-1 had assisted both the DEA and the Washington County Sheriffs Department in two separate and ongoing investigations. CS-1 also possessed considerable and intimate knowledge of defendant's personal life, his illegal activities, and defendant's associates in the drug trafficking business.

CS-1 personally purchased crack cocaine from defendant in a recorded call, he has seen defendant in possession of up to 6 kilograms of cocaine on five separate occasions, and he had seen defendant "cook" powder cocaine into cocaine base.

Similarly, some of the information imparted by CS-2 had been corroborated by statements made by other confidential sources or independent investigation, and he too was familiar with aspects of Maddox's activities, including his cell phone number and his use of text messaging to conduct his drug trafficking business.

Information obtained by the affiant from other law enforcement officers related to

4

defendant's extensive drug trafficking in other jurisdictions.

From the totality of the circumstances, there was an abundance of probable cause contained in the affidavit filed in support of the first application for a wiretap to believe that defendant was the head of an extensive drug trafficking business.

### *PROBABLE CAUSE FOR THE SECOND AUTHORIZATION (NO. 2:09-MC-07)*

Most of the probable cause in the affidavit filed in support of the second application for a wiretap consisted of information obtained as a result of the first wiretap. The affiant summarizes in some detail the numerous phone conversations and text messages to which defendant was a party that involved the buying and selling of illegal drugs. Contrary to defendant's argument in this motion, the information was not "conclusory, speculative, stale, and/or impermissibly misleading or reckless." Indeed, defendant made no effort to explain or justify his argument in this regard; they are merely statements in his brief and nothing more.

Additionally, the information in the second affidavit is not a "fruit of the poisonous tree" simply because the "tree" -- i.e., the first wiretap – was not poisonous.

### *THE NECESSITY FOR THE WIRETAPS*

Section 2518(1)(c) requires that any application for a wiretap shall include "a full and complete statement as to whether or not other investigative procedures have been tried and failed for why they reasonably appear to be unlikely to succeed if tried or to be too dangerous." The district judge believed that the wiretap was necessary, and his authorization order is presumed to be proper; defendant has the burden of overcoming this presumption.

*See, United States v. Quintana*, 70 F.3d 1167, 1169 (10th Cir. 1995).

In reading the two applications and accompanying affidavits, it is clear that defendant conducted the vast majority of his illegal drug trafficking activities over the telephone. More specifically, defendant customarily used cell phones which he periodically changed in obvious efforts to avoid detection. And, since defendant used cell phones almost exclusively to conduct his illegal drug business, the only reasonable way to identify his business associates and co-conspirators was to intercept his calls and text messages. Even an informant standing at defendant's elbow likely would be unable to identify individuals on the other end of a phone call or text message. As the prosecution has noted in its response, wiretaps are peculiarly effective in uncovering and ultimately proving criminal conspiracies. *See, United States v. Stewart*, 306 F.3d 295 (6th Cir. 2002); *United States v. Decuoud*, 456 F.3d 996 (9th Cir. 2006).

Also, the affiant described to the district judge in the supporting affidavits that confidential sources and cooperating witnesses were reluctant to testify against the various individuals named in the application for a wiretap. He also related that confidential sources could not identify all members of the conspiracy simply because they were not high enough in chain of command.

The district judge was convinced that the applications demonstrated the necessity for the wiretaps, and this magistrate judge is of the same opinion.

**LENGTH OF INTERCEPTION**

18 U.S.C. § 2518(5) provides that the court may not approve a wiretap for any period

of time longer than necessary to achieve the objective of the authorization, and in any event no longer than thirty days. This section also allows the court to extend wiretap orders for successive periods not longer than thirty days.

The first wiretap, No. 2:08-MC-07, was authorized on June 24, 2008. Judge Greer extended that wiretap on July 25, August 21, September 18, and then on October 16, 2008. It terminated on November 15, 2008. Periodic reports were submitted to District Judge Greer every fifteen days during the interception in which Assistant United States Attorney Hebets detailed the status of the investigation and the need for continued interception pursuant to 18 U.S.C. § 2518(6).

The second wiretap, No. 2:09-MC-07, was authorized on April 23, 2009. It was terminated on May 8, 2009.

Other than his bare assertion in his motion that the wiretap (presumably, the one authorized in 2:08-MC-07), lasted longer than necessary, there is nothing from which this magistrate judge can find that Judge Greer's conclusion was erroneous that there were valid reasons to extend the wiretap as requested.

The wiretap in No. 2:09-MC-07, of course, persisted for less than thirty days.

**MINIMIZATION**

Section 2518(5) requires every order authorizing the wiretap to contain a provision that the wiretap is "conducted in such a way as to minimize the interception of communications not otherwise subject to interception . . . ." Defendant notes that over 29,000 communications, consisting of both phone calls and text messages, were intercepted.

7

He argues that the sheer number of the intercepted communications conclusively demonstrates that the interceptions were not "minimized" as the statute requires.

The question of minimization *vel non* cannot be made in a vacuum. In other words, the absolute number of phone calls noted during the wiretap means essentially nothing. The United States' response indicates that the 29,000 number cited by defendant includes text messages, non-pertinent calls, busy signals, and "no answer" calls. Also, as the United States notes in its response, it is impossible to minimize a text message, and a considerable amount of defendant's drug-trafficking business was conducted *via* text messaging.

Respectfully, defendant's argument is conclusory and of no help to the court. As already said, merely reciting the number of communications within the seven months of the two interceptions is meaningless.

*CONCLUSION*

There was probable cause to justify the authorization for the two wiretaps, and the extensions thereof; none of the information in the supporting affidavits was conclusory, speculative, stale, misleading, or reckless; the applicant established that a wiretap, under the circumstances, was necessary because all other investigative techniques and procedures short of a wiretap had been, or likely would be, unsuccessful; the wiretaps persisted for no longer than was necessary; and there was no showing that the agents failed to minimize their wiretapping activities.

According, it is respectfully recommended that defendant's motion to suppress, Doc.

257, be denied.[3]

Respectfully submitted,

    s/ Dennis H. Inman    
United States Magistrate Judge

---

[3]Any objections to this report and recommendation must be filed within fourteen (l4) days of its service or further appeal will be waived. 28 U.S.C. 636(b)(1).