IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 2:09-CR-045 |
| ) | |
| SUNNAH MADDOX ) | |

## **MEMORANDUM AND ORDER**

This criminal case is before the court on the June 21, 2010 report and recommendation ("R&R") of Chief United States Magistrate Judge Dennis H. Inman [doc. 317]. Magistrate Judge Inman recommends that the defendant's "Motion to Dismiss with Prejudice" [doc. 220] be denied. The defendant has objected [doc. 368], and no transcript of the hearing on the motion has been filed. Also before the court is the defendant's related "Appeal of and/or Objection to Orders (Docs. 287 and 312) Denying Defendant's Motions for Production of Current and Historical Information Concerning Grand Jurors and Grand Jury Forepersons (Docs. 221 and 299)" [doc. 362].

As required by 28 U.S.C. § 636(b), the undersigned has undertaken a *de novo* review of those aspects of the R&R to which the defendant objects. The court has similarly reviewed the magistrate judge's orders to which the defendant objects. For the reasons that follow, the objections will be overruled.

I.

*Background*

Defendant Sunnah Maddox is African-American. He has moved for the dismissal of his indictment alleging "that he was denied equal protection of the laws because African-Americans were systematically excluded from the grand jury that indicted him, as well as from service as grand jury foreperson." The defendant has submitted the affidavit of Guy Blackwell, a former Assistant United States Attorney. Although Mr. Blackwell "do[es] not possess documentation of the exact numbers involved," it is his recollection that no African-American has served as grand jury foreperson in the last thirty years in Northeastern Division of the Eastern District of Tennessee, and that no more than six grand jurors in that period were non-white.

The government has responded in opposition to the motion. The magistrate judge recommends that the motion be denied because the defendant has satisfied neither the second nor the third prong of a *prima facie* equal protection claim.

The defendant has also twice moved for production of current and historical information concerning grand jurors and grand jury forepersons "who have served in this Court in the last 30 years, or any period of time that can be deemed 'significant.'" The first of those motions was denied [doc. 282] due to the defendant's request for the names and contact information of all grand jurors. The Clerk of Court, however, was directed [doc. 287] to provide defense counsel with the court's 2005 Jury Management Plan and the court's 2009 Jury Selection Plan. In addition, the magistrate judge directed Chief Deputy Clerk John

Medearis "to submit an affidavit explaining in detail" the procedures used since 2005 to fill the court's Jury Wheel. Mr. Medearis's affidavit [doc. 294] explains in relevant part that the court's grand and petit jury panels are randomly drawn from a list, provided by the Tennessee Election Commission, of all registered voters in the district.

By his second motion for production, the defendant continues to seek information as to the race of every grand juror to have served in this court over the past 30 years. The magistrate judge denied the motion [doc. 312], finding that the information already provided by the Clerk of Court was sufficient.

II.

*Analysis*

A *de novo* review by the district court of a magistrate judge's report and recommendation is both statutorily and constitutionally required. *See United States v. Shami*, 754 F.2d 670, 672 (6th Cir. 1985). However, it is necessary only to review "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The district court need not provide *de novo* review where objections to a report and recommendation are frivolous, conclusive, or general. *See Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).

"[I]n order to show that an equal protection violation has occurred in the context of grand jury selection, the defendant must show that the procedure employed resulted in substantial underrepresentation of his race or of the identifiable group to which he belongs." *Casteneda v. Partida*, 430 U.S. 482, 494 (1977). As the present defendant

recognizes, he must first make a *prima facie* showing that:

> 1. He belongs to a group "that is a recognizable, distinct class, singled out for different treatment under the laws, as written or as applied";
>
> 2. The group is underrepresented "by comparing the proportion of the group in the total population to the proportion called to serve as grand jurors, over a significant period of time"; and
>
> 3. The selection procedure employed by the court "is susceptible of abuse or is not racially neutral."

*See id.*; *Jefferson v. Morgan*, 962 F.2d 1185, 1188-89 (6th Cir. 1992). As noted above, the magistrate judge concluded that the defendant has satisfied only the first of these prongs.

The defendant presents two arguments in his objections pertaining to the third *prima facie* element, and neither is persuasive. First, in conclusory fashion, he cites *Rose v. Mitchell*, 443 U.S. 545 (1979), for the proposition that the third element simply may be presumed. The defendant has grossly overstated *Rose*.

The actual pertinent language from the *Rose* opinion is, "And one may assume *for purposes of this case* that the Tennessee method of selecting a grand jury foreman is susceptible of abuse." *Id.* at 566 (emphasis added). *Rose* involved the grand jury selection procedure in place in the *state* courts of Tennessee more than thirty years ago. *Id.* at 548 n.2. Tennessee at that time utilized a "key-man system," *see id.*, which had already been recognized by the Supreme Court as being "susceptible of abuse as applied." *Castaneda*, 430 U.S. at 497; *accord Jefferson*, 962 F.2d at 1189. *Rose* is therefore inapposite to the present defendant's circumstances - namely this court's current Jury Selection and Jury Management Plans - and the defendant's conclusory "presumption" argument thus fails.

Of particular relevance to the instant case, the *Castaneda* Court went on to observe that "random selection methods similar to the federal system would probably avoid most of the potential for abuse found in the key-man system." *Castaneda*, 430 U.S. at 497 n.18. Nonetheless, the defendant now argues (again in conclusory fashion) that "use of the voter rolls is not racially neutral." That contention has been rejected by the Sixth Circuit as "not persuasive." *See United States v. Odeneal*, 517 F.3d 406, 412 (6th Cir. 2008). "Voter registration lists are the presumptive statutory source for potential jurors." *Id.* (citing 28 U.S.C. § 1863(b)).

As to the selection of grand jury *forepersons*, the defendant has presented no argument, nor should he, that Magistrate Judge Inman has systematically excluded minorities from that role. *See Ford v. Seabold*, 841 F.2d 677, 686 (6th Cir. 1988) ("[N]o evidence indicating that [the chief circuit judge] had systematically excluded women from the jury commission was introduced. Ford has thus failed to make out a prima facie case . . . ."). Moreover, "the role of the foreman of a federal grand jury is not so significant to the administration of justice that discrimination in the appointment of that office impugns the fundamental fairness of the process itself so as to undermine the integrity of the indictment." *Hobby v. United States*, 468 U.S. 339, 345 (1984).

In sum, as in *Ford*, the present defendant "points to nothing in the selection process which makes it obvious that the underrepresentation was due to the system itself. We do not believe that the selection of jurors from a neutral master list, without more, can be construed as 'systematic exclusion' . . . ." *Ford*, 841 F.2d at 685. The defendant has not

satisfied the third element of a *prima facie* equal protection claim, and for that reason alone his motion to dismiss must be denied.

The court has also considered *de novo* the defendant's objections pertaining to the second element of his *prima facie* case. Those arguments are not well-taken and need not be discussed in further depth because the defendant's failure at the "susceptible of abuse/not racially neutral" step is alone fatal to his motion.

The court therefore **ADOPTS** the findings of fact and conclusions of law set out in Magistrate Judge Inman's report and recommendation [doc. 317]. The court agrees that the defendant has not made out a *prima facie* equal protection claim. Therefore, it is **ORDERED** that the defendant's motion to dismiss [doc. 220] is **DENIED**, and the defendant's objections [doc. 368] are **OVERRULED**.

The court further agrees with Magistrate Judge Inman [docs. 287, 312] that the defendant has been provided with sufficient information regarding the court's grand jurors and grand jury forepersons. The defendant's objections [doc. 362] are **OVERRULED**.

**IT IS SO ORDERED.**

ENTER:

                                              s/ Leon Jordan
                                      United States District Judge