IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:09-CR-045 |
| | ) | |
| SUNNAH MADDOX | ) | |

## **MEMORANDUM AND ORDER**

Following a four week jury trial, defendant Sunnah Maddox was found guilty on counts one, two, three, four, five, six, thirteen, sixteen, eighteen, nineteen, and twenty of the third superseding indictment. Now before the court is the defendant's "Motion for Judgment of Acquittal and/or for a New Trial" [doc. 648]. The government has responded in opposition to the motion [doc. 681], and the defendant has not replied. For the reasons that follow, the defendant's motion will be denied.

*I.*

*Background & Authority*

The third superseding indictment charged the defendant with conspiring to distribute and possess with the intent to distribute cocaine (count one), aiding and abetting the possession with intent to distribute cocaine (count two), conspiring to distribute and possess with the intent to distribute marijuana (count three), aiding and abetting the possession with intent to distribute marijuana (count four) conspiring to distribute and possess with the intent to distribute cocaine base (count five), conspiring to money launder (count six), aiding and abetting money laundering (count thirteen), being a felon in

possession of ammunition (count sixteen), threatening to retaliate against an informant (count eighteen), engaging in intimidating and threatening conduct against a witness (count nineteen), and conspiring to retaliate against an informant and/or tamper with a witness (count twenty). The defendant moved for acquittal at the close of the government's proof at trial, and again at the close of all the proof. Both requests were denied, and the defendant's renewed motion is now before the court combined with his motion for a new trial.

A Rule 29(c) motion for judgment of acquittal challenges the sufficiency of the evidence. *See* Fed. R. Crim. P. 29(a), (c). When reviewing a sufficiency of the evidence claim, the court "must decide whether, after viewing the evidence in a light most favorable to the government, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Gardner*, 488 F.3d 700, 710 (6th Cir. 2007). The court does not weigh the evidence, consider witness credibility, or substitute its judgment for that of the jury. *United States v. Chavis*, 296 F.3d 450, 455 (6th Cir. 2002). "A defendant making such a challenge bears a very heavy burden." *United States v. Tocco*, 200 F.3d 401, 424 (6th Cir. 2000).

## II.

## *Analysis*

### A. Witness Credibility

The defendant attacks the credibility of certain trial witnesses. However, "[s]ufficiency-of-the-evidence appeals are no place . . . for arguments regarding a government witness's lack of credibility." *United States v. Hernandez*, 227 F.3d 686, 694-95 (6th Cir. 2000) (citations and quotations omitted). The defendant's credibility complaints therefore are not grounds for acquittal.

### B. Corroboration

The defendant complains that the testimony of certain "jailhouse" witnesses was not corroborated. However, the court correctly instructed the jurors that the testimony of such witnesses should be considered "with more caution than the testimony of other witnesses. Do not convict a defendant based on the unsupported testimony of such a witness, standing alone, unless you believe their testimony beyond a reasonable doubt." "[I]t is well-settled that uncorroborated testimony of an accomplice may support a conviction in federal court." *United States v. Spearman*, 186 F.3d 743, 746 (6th Cir. 1999).

### C. Sufficiency of the Evidence

As noted, counts one, three, five, six, and twenty of the third superseding indictment charged that the defendant was a member of conspiracies: to distribute and to possess with intent to distribute five kilograms or more of cocaine; to distribute and to

possess with intent to distribute marijuana; to distribute and to possess with intent to distribute 50 grams or more of cocaine base; to money launder; and to engage in witness tampering and/or retaliation against an informant. As to each count, the government had the burden at trial of proving beyond a reasonable doubt: (1) an agreement to violate the law; (2) knowledge of, and intent to join, the conspiracy; and (3) participation in the conspiracy. *Gardner*, 488 F.3d at 710. As to counts two, four, and thirteen, the government bore the burden of proving "(1) an act by the defendant that contributes to the commission of the crime, and (2) an intention to aid in the commission of the crime." *United States v. Harris*, 397 F.3d 404, 415 (6th Cir. 2005). For count sixteen, the government bore the burden of proving a prior felony conviction followed by knowing possession of ammunition that had crossed state lines prior to possession. For count eighteen, the government bore the burden of proving that the defendant knowingly threatened to engage in conduct which would cause bodily injury to codefendant Jamie Rush, and that the defendant acted with the specific intent to retaliated against Rush for information given by him to a law enforcement officer relating to the commission or possible commission of federal crimes. As to count nineteen, the government bore the burden of proving that the defendant knowingly used intimidation and threatened Rush with the intent to influence or prevent his testimony at trial.

      The court has reviewed its substantial trial notes and is satisfied that, viewing the evidence in the light most favorable to the prosecution, a rational jury could easily have found beyond a reasonable doubt all of the elements of the crimes charged. However,

4

because of the numerous counts and essential elements pertaining to the defendant, the court will herein only address the specific issues raised by the defendant in his motion. All other issues are deemed waived. *See United States v. Layne*, 192 F.3d 556, 566-67 (6th Cir. 1999) (citation omitted) (Arguments raised in favor of acquittal, "adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.").

First, citing his own testimony and the cryptic language used in many of the intercepted communications, the defendant argues that no reasonable juror could have found he dealt in any drug other than marijuana. The defendant is incorrect. Overwhelming evidence was presented regarding the defendant's involvement with cocaine and cocaine base. As one example, a kilo and a half of cocaine was seized from a vehicle parked in the his driveway. Pertaining to that seizure, the government introduced a letter from the defendant stating in material part, "[N]ow I got to work to fight distributing over five kilos, which is a fifty/fifty shot, considering we only got caught with one and a half." This issue merits no further discussion.

The defendant next contends that no reasonable jury could have found that he possessed ammunition. He cites a notarized statement by Rush taking responsibility for ownership of all the ammunition found in the defendant's bedroom. He also cites discrepancies as to whether certain ammunition was or was not found in his home. Regardless, some ammunition was found in the defendant's bedroom and a larger quantity was found in a common area of the residence. Further, Rush testified that he signed the

5

statement at the defendant's request and that the statement was not true. Viewing the evidence in the light most favorable to the prosecution, a reasonable jury could have found that the defendant actually and/or constructively possessed ammunition.

Lastly, the defendant argues that he should be acquitted on the witness/informant counts. Defendant contends that he threatened Rush due to a personal conflict and that he did not know about Rush's cooperation at the time the threats were made. However, in the threatening voice mail upon which these counts are based, the defendant called Rush a "f***ing rat b*tch." Then, in a phone call to codefendant Ronnie Cooper immediately after leaving the message, the defendant states, "my lawyer like I don't see why they gave son that type of deal" and, "I think son co-oping man." Based on this evidence, a reasonable jury could have concluded beyond a reasonable doubt that the defendant's threats were based on his knowledge of Rush's cooperation with the government.

### D. Prosecutorial Misconduct

The defendant next cites, without any developed argumentation, the fact that "[d]uring the prosecution's closing argument, the prosecutor argued that 'desperate defense lawyers' claim the prosecution witnesses are lying or words to that effect."[1] It is again noted that arguments raised in favor of acquittal, "adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *Layne*, 192 F.3d at 566-67.

---

[1] The actual language used was "desperation by Defense Attorneys." [Doc. 677, p. 2520].

Even if the defendant had not waived this issue, the complained-of comment falls far short of the necessary standard for relief. An inappropriate but isolated prosecutorial comment is not grounds for acquittal. *See United States v. Wells*, 623 F.3d 332, 338 (6th Cir. 2010). The present remark, made in response to attacks on the veracity of prosecution witnesses, is entirely distinguishable from the facts of the cases cited by the defendant. *See, e.g., United States v. Holmes*, 413 F.3d 770 (8th Cir. 2005) (repeated "personal, unsubstantiated attacks on the character and ethics of opposing counsel").

### F. Jenks Act / *Brady* / *Giglio*

The defendant next alleges that at least one "DEA Form 6" report of investigation would have existed for each testifying "codefendant/coconspirator/jailhouse snitch-type witness" and that most of these alleged reports were not provided to him, in violation of the Jencks Act. *See* 18 U.S.C. § 3500 (pertaining to prior statements of a witness who has testified for the government). The defendant further argues that it is "also highly likely that the statements of said witnesses would have contained *Brady*/*Giglio* materials, thus giving rise to another violation by the government." *See Brady v. Md.*, 373 U.S. 83 (1963) (disclosure of material evidence favorable to the defendant); *Giglio v. United States*, 405 U.S. 150 (1972) (disclosure of material evidence pertaining to witness reliability).

In response, the government denies that any Jencks, *Brady*, or *Giglio* violations occurred. The government has, however, "out of an abundance of caution," attached to its response six DEA-6 forms that were not disclosed to the defense due to purported

7

inadvertence. Each form is signed by Agent Vicchio. Four of the reports pertain to information provided by Agent Bill Mitchell and codefendants Ebberts and Rush. The fifth and sixth reports pertain to Agent Vicchio's investigation of codefendant Carr.

The court has reviewed the six reports individually and collectively and finds no merit to the defendant's arguments. The prosecution's representation that the nondisclosure was inadvertent is believed. To the extent that any of the forms were Jencks material as to Agent Vicchio, the court does not find that the defendant was prejudiced by the nondisclosure of their contents. *See, e.g., United States v. DeFranco*, 30 F.3d 664, 667 (6th Cir. 1994). The court similarly finds nothing exculpatory or inconsistent in the reports that would warrant *Brady* or *Giglio* relief. Further, the defendant has failed to meet his burden of proving that any other Jencks Act material exists, *see United States v. Fletcher*, 295 F. App'x 749, 753 (6th Cir. 2008); *United States v. Grecni*, Nos. 90-3483, 90-3571, 1991 WL 139703, at *5 (6th Cir. July 30, 1991), or that he timely moved for such material. *See* 18 U.S.C. 3500(b).

In addition, the court deems it most significant that after being provided with these six reports the defendant chose not to file a reply brief developing his Jencks, *Brady*, or *Giglio* arguments. Again, "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *Layne*, 192 F.3d at 566-67. Having reviewed the six investigative reports individually and collectively, the court concludes that the defendant's Jencks, *Brady*, and *Giglio* arguments are without merit or

8

substance. The defendant's failure to file a reply brief simply bolsters that decision.

F. Motion for a New Trial

Federal Rule of Criminal Procedure 33(a) provides, "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." A motion for a new trial under Rule 33(a) "may be premised upon the argument that the jury's verdict was against the manifest weight of the evidence. Generally, such motions are granted only in the extraordinary circumstance where the evidence preponderates heavily against the verdict." *United States v. Hughes*, 505 F.3d 578, 592-93 (6th Cir. 2007) (citation and quotation omitted). Unlike Rule 29 review, the court in deciding a Rule 33 motion assesses witness credibility and the weight of the evidence. *Id.* at 593.

The defendant presents no arguments in favor of Rule 33 relief other than those that have already been addressed herein. The undersigned heard all the evidence at trial and observed the witnesses first-hand. Most particularly, the court had the opportunity to observe *the defendant's* extended testimony which was far from persuasive. From the undersigned's perspective, the proof of the defendant's guilt was overwhelming on all counts. The jury's decision in this case was not against the manifest weight of the evidence. This is not "the extraordinary circumstance where the evidence preponderates heavily against the verdict." The defendant's Rule 33(a) weight of the evidence request will be denied.

*III.*

*Conclusion*

For the reasons provided herein, the defendant's "Motion for Judgment of Acquittal and/or for a New Trial" [doc. 648] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

　　　　　　　　　　　　　　　s/ Leon Jordan　　　　
　　　　　　　　　　　　　United States District Judge