UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| SUNNAH MADDOX, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Nos.: 2:09-CR-45-RLJ-1 |
| | ) 2:15-CV-271-RLJ |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## **MEMORANDUM AND ORDER**

This is a pro se motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Now before the Court are a motion for copies [Doc. 1040] and two supplements to the § 2255 petition [Docs. 1044, 1050] filed by Petitioner.

In his motion for copies, Petitioner asserts that "upon an unfavorable order" in this matter, he is preparing an appeal, citing Sixth Circuit Court of Appeals Case No. 11-6191 [Doc. 1040 p. 1]. Petitioner therefore requests copies and/or information as to how to obtain copies of his original indictment, his superseding indictments, all grand jury transcripts, sentencing transcripts, his complete docket sheet, his sentencing memorandum, his pre-sentence report ("PSR"), and information filed by Respondent to establish a prior conviction [*Id.*].

To the extent Petitioner seeks free copies of transcripts, Petitioner's appeal of this Court's judgment in the underlying criminal matter, Sixth Circuit Court of Appeals Case No. 11-6191, is closed, and Petitioner has not demonstrated that the requested transcripts are needed to decide any issue presented in his currently pending § 2255 motion. As such, Petitioner is not entitled to free copies of any transcripts. *See* 28 U.S.C. § 753(f); *United States v. Fullerton*, 238 F.3d 424 (Table) (6th Cir. 2000).

Moreover, Petitioner is not entitled to free copies of documents previously filed in his case, other than the original copies provided to him when documents are filed. Accordingly, Petitioner's motion for copies [Doc. 1040] is **DENIED in part** to the extent that it seeks free copies of transcripts and/or documents.

Petitioner's motion for copies [Doc. 1040] is **GRANTED in part** to the extent he seeks information regarding how to obtain copies of the requested transcripts and documents, however. Specifically, Petitioner may obtain copies of publicly available documents filed in his case from the Clerk of Court for a charge of $0.50 per page. The Clerk is **DIRECTED** to send Petitioner a copy request form as well as information regarding the cost of providing copies of the original indictment, the superseding indictments, sentencing transcripts,[1] the docket sheet, his sentencing memorandum, and information filed by Respondent to establish a prior conviction, to the extent she is able to ascertain that cost based on the information provided by Petitioner.[2]

---

[1] As set forth above, Petitioner has also sought copies of all grand jury transcripts. Prior to obtaining copies of these transcripts, however, Petitioner would have to make a particularized showing of need, a requirement that he has not met. *Douglas Oil Co. of Cal. v. Petrol Stops Northwest*, 441 U.S. 211, 220–23 (1979) (holding that in order for a court to lift the "veil of secrecy" surrounding grand jury proceedings and grant disclosure of the transcripts of those proceedings, a petitioner must demonstrate a "particularized need" that outweighs the general rule of grand jury secrecy).

[2] As to Petitioner's request for a copy of his PSR, Petitioner is incarcerated in a federal prison. In order to maintain safety and security, the Bureau of Prisons ("BOP") specifically prohibits an inmate from retaining possession of his PSR. See BOP Program Statement 1351.05, Release of Information, available at www.bop.gov/policy/progstat/1351_005_CN-1.pdf. The BOP explains that:

> Many PSRs and SORs contain information regarding the inmates' government assistance, financial resources, community affiliations, etc. The Bureau has documented an emerging problem where inmates pressure other inmates for a copy of their PSRs and SORs to learn if they are informants, gang members, have financial resources, etc. Inmates who refuse to provide the documents are threatened, assaulted, and/or seek protective custody. Likewise,

Further, the United States Attorney is hereby **ORDERED** to file an answer or other response to the supplements to Petitioner's § 2255 motion [Docs. 1044, 1050] within thirty (30) days from entry of this Order.

**IT IS SO ORDERED.**

**E N T E R :**

s/ Leon Jordan<br>United States District Judge

---

inmates providing PSRs and SORs containing harmful information are faced with the same risks of harm.

*Id.* at 16-17. Inmates in BOP facilities may, however, access their PSRs and other sentencing documents by submitting an appropriate request to unit staff. *Id.* at 17–19. Inmates otherwise found to be in possession of prohibited sentencing documents are subject to disciplinary action. *Id.* at 16. In light of this policy, the Court declines to provide Petitioner with a copy of his PSR for his personal possession.