UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:09-CR-045 |
| | ) | |
| SUNNAH MADDOX | ) | |

## MEMORANDUM AND ORDER

In 2010, a jury found the defendant guilty of all charges against him contained in the Third Superseding Indictment. [Doc. 634]. In 2011, this Court imposed a net term of life imprisonment, to be followed by a net term of 10 years' supervised release. [Doc. 838]. Life imprisonment was statutorily required by 21 U.S.C. § 841 (2010) for the defendant's convictions on Count One (conspiracy to distribute and possess with the intent to distribute five kilograms or more of cocaine) and Count Five (conspiracy to distribute and possess with the intent to distribute 50 grams or more of cocaine base).

Now before the Court is the defendant's *pro se* motion for sentence reduction. [Doc. 1113].[1] The defendant asks the Court to reduce his sentence pursuant to Section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, which retroactively applies certain provisions of the Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372.

---

[1] The filing is fact captioned "Supplemental Brief in Support of Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct a Sentence by Person in Federal Custody." By order entered February 13, 2019, the Court notified the parties that it would construe the instant filing as a First Step Act motion because it seeks relief exclusively under that statute. [Case No. 2:15-CV-271, doc. 26]. "[S]ubstance, rather than labels, should control in legal proceedings[.]" *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).

The defendant also seeks relief under First Step Act Sections 101, 102, and 401. The United States has responded in opposition to the motion. [Doc. 1122].

The Court has considered the parties' filings. The Court recognizes its authority under Section 404 to reduce the defendant's sentence <u>as to Count Five only</u>. However, for the reasons that follow, the Court declines to do so. The defendant's motion will be denied.

**I.      Defendant's Eligibility for First Step Act Relief.**

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011) (internal citation and quotation marks omitted). One of those exceptions is 18 U.S.C. § 3582(c)(1)(B), which provides that "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute . . . ." The First Step Act, which was enacted on December 21, 2018, is one such statute.

Section 404(b) of the First Step Act instructs that the "court that imposed a sentence for a covered offense may, on motion of the defendant . . . , impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." A covered offense is "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010." First Step Act, § 404(a).[2]

---

[2] Section 404(c) of the First Step Act imposes additional limitations, none of which apply in this case.

As to Count Five of the Third Superseding Indictment, the jury found the defendant guilty of conspiring to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). Prior to the Fair Sentencing Act, 21 U.S.C. § 841 (as applied to the present defendant) mandated an enhanced sentence of life imprisonment for violations of section 841(a)(1) involving 50 grams or more of cocaine base. *See* 21 U.S.C. § 841(b)(1)(A)(iii) (2010). For 841(a)(1) violations involving at least five but less than 50 grams of cocaine base, the enhanced statutory imprisonment range was 10 years to life. *See id.* § 841(b)(1)(B)(iii). Since the enactment of the Fair Sentencing Act, § 841(b)(1)(A)(iii) now applies (as to cocaine base) only to offenses involving 280 grams or more, and § 841(b)(1)(B)(iii) applies only to offenses involving 28 grams or more (but less than 280 grams). *See* 21 U.S.C. § 841(b) (2018); *Dorsey v. United States*, 567 U.S. 260, 269 (2012).

As noted, the First Step Act defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . ," First Step Act, § 404(a). This Court agrees that

> eligibility under the language of the First Step Act turns on a simple, categorical question: namely, whether a defendant's offense of conviction was a crack cocaine offense affected by the Fair Sentencing Act. If so, the defendant is categorically eligible for consideration regardless of actual quantities. The particular quantities affect only the Court's discretionary call on whether to grant a reduction in sentence.
>
> . . .

> . . . This is a categorial decision based on the type of prior conviction, not any particular quantity determination. The Court then determines whether to exercise its discretion to reduce the defendant's sentence.

*United States v. Boulding*, 379 F. Supp. 3d 646, 651, 654 (W.D. Mich. 2019), *aff'd on these points but vacated on other grounds*, Nos. 19-1590, 1706, 2020 WL 2832110 (6th Cir. June 1, 2020).

On Count Five the instant defendant was found guilty to conspiring to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). Section 2 of the Fair Sentencing Act of 2010 modified the statutory penalties for that federal criminal statute. *See* Fair Sentencing Act, 124 Stat. 2372. The defendant committed his crime from at least 2004 to 2009. [Presentence Investigation Report ("PSR"), ¶ 20]. Thus, he was sentenced by this Court for "a covered offense" and is eligible to be considered for First Step Act relief <u>as to Count Five only</u>.

**II.    Factual Background**

By judgment entered September 26, 2011, the Court imposed a net term of life imprisonment, to be followed by a net term of 10 years of supervised release. The prison sentence was composed of concurrent terms of: (a) statutorily mandated Life as to Count One (conspiracy to distribute and possess with the intent to distribute cocaine) and Count Five (conspiracy to distribute and possess with the intent to distribute cocaine base); (b) the statutory *maximum* of Life as to Count Two (aiding and abetting the possession with intent to distribute cocaine); and (c) 120 months as to Count Three (conspiracy to distribute and possess with the intent to distribute marijuana), Count Four (aiding and abetting the

4

possession with intent to distribute marijuana), Count Six (conspiracy to commit money laundering), Count 13 (aiding and abetting money laundering), Count 16 (felon in possession of ammunition), Count 18 (retaliation against an informant), Count 19 (witness tampering through intimidation and threat), and Count 20 (conspiracy to engage in witness tampering or retaliation against an informant).

Prior to trial, and pursuant to 21 U.S.C. §§ 851 and 841(b)(1)(A) (2010), the United States timely filed an information giving notice of two prior felony drug convictions to be relied upon to increase the defendant's term of imprisonment for Counts One and Five from a mandatory minimum of 10 years to a mandatory minimum of Life. [Docs. 159, 823]. For Counts One and Five, the defendant's guideline range was Life, based on a total offense level of 40, a criminal history category of IV, and the statutorily required Life sentence.

### III. Analysis

#### A. First Step Act § 404

The defendant's motion is authorized by the First Step Act because he was sentenced in this Court for "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010." First Step Act, § 404(a). Specifically, the enhanced statutory term of imprisonment (for Count Five only) was reduced by section 2 of the Fair Sentencing Act *from* a mandatory Life *to* a range of 10 years to life, and the enhanced minimum term of supervised release was reduced from 10 years to 8.

5

The defendant's guideline range (as to Count Five only) is now 360 months to Life. His total offense level remains 40 because the base offense level for the amount of cocaine base for which the PSR found him responsible—28 kilograms—is the same today as it was when he was sentenced. *See* United States Sentencing Commission Guidelines Manual § 2D1.1(c) (2018). The criminal history category remains IV, and the mandatory minimum sentence for Count Five is no longer Life.

The Court has considered the filings in this case, along with the relevant 18 U.S.C. § 3553(a) factors. The Court has also refamiliarized itself with the defendant's PSR and has reviewed the Bureau of Prisons ("BOP") SENTRY Report. *See United States v. Allen*, 956 F.3d 355, 356-58 (6th Cir. 2020) (Courts may consider a defendant's post sentencing conduct in determining whether to reduce a sentence under the First Step Act.).

The Court will not, on the facts of this case, grant First Step Act relief on Count Five. It is true, as noted by the defendant, that he has participated in some self-help programs while in BOP custody, and that he has not received a disciplinary sanction since 2016. On these points, he is commended. Nonetheless, the defendant's involvement in the instant controlled substance and money laundering conspiracies was beyond extensive, and his recorded threats against a codefendant were amongst the most alarming this Court has seen. Further, on the whole, the defendant's conduct while in BOP custody is concerning. His disciplinary record includes possession of suboxone and marijuana, having an outside party mail him 60 suboxone strips, offering a staff member $500.00 for tobacco, <u>and possessing a 7-inch sharp metal rod and running from staff</u>. Those infractions, paired with

6

the most concerning aspects of the defendant's criminal history [PSR ¶¶ 74-76, 78, 85-86], persuade the Court that neither a reduced term of imprisonment nor a reduced term of supervision is warranted in this case. *See* 18 U.S.C. § 3553(a)(1), (2)(A)-(C); *see also United States v. Beamus*, 943 F.3d 789, 792 (6th Cir. 2019) ("That Beamus is eligible for resentencing does not mean he is entitled to it. The First Step Act ultimately leaves the choice whether to resentence to the district court's sound discretion.").

### B. First Step Act § 401

Next, section 401 of the First Step Act "reduce[d] and restrict[d] enhanced sentencing for prior drug felonies." First Step Act, § 401. It redefines what prior felonies can be applied to increase a controlled substance defendant's mandatory minimum sentence and it lowers enhanced mandatory minimums for controlled substance offenses across the board. *Id.*

To the extent that the defendant seeks relief under § 401, that request must be denied. Section 401's amendments do not apply to persons whose sentence had already been imposed prior to the First Step Act's December 21, 2018 enactment. *Id.* § 401(c). As noted, the present defendant's sentence was imposed in September 2011.

### C. First Step Act §§ 101 and 102

Lastly, sections 101 and 102 of the First Step Act provide for expanded good time credits. To the extent the defendant asks this Court to involve itself in the computation of those credits, the request must be denied. Matters of sentence computation are within the discretion of the BOP. *See generally United States v. Wilson*, 503 U.S. 329 (1992).

## IV. Conclusion

For the reasons provided herein, the defendant's motion for sentence reduction [doc. 1113] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge
