UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No.  2:09-CR-045 |
| | ) | |
| SUNNAH MADDOX | ) | |

**MEMORANDUM AND ORDER**

The defendant is presently serving a statutorily mandated life sentence.  *Pro se*, he now moves for compassionate release, or a sentence reduction to 15 years' imprisonment, pursuant to 18 U.S.C. 3582(c)(1)(A)(i).  The motion will be denied.

**I.  THE RECORD**

The following filings are now before the Court:

1. The defendant's compassionate release motion.  [Doc. 1179].

2. The defendant's motion of inclusion to record (a supplemental brief).  [Doc. 1180].

3. The defendant's motion to clarify (a supplemental brief).  [Doc. 1182].

4. The United States' response in opposition.  [Doc. 1184].

5. The defendant's reply brief.  [Doc. 1189].

6. The defendant's motion to amend and expand.  [Doc. 1190].

7. The defendant's second motion to amend.  [Doc. 1193].

## II. BACKGROUND

Following a multi-week trial, a jury found the defendant guilty on eleven counts pertaining to controlled substance distribution, money laundering, felon in possession of ammunition, witness tampering, and retaliation against an informant. [Doc. 634]. Due to prior convictions, Counts One, Two, and Five in this case required a mandatory life sentence, which this Court imposed in September 2011. [Doc. 838]. His conviction and sentence were affirmed on appeal. [Doc. 930].

The defendant is presently housed at USP Pollock, a high security penitentiary. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Dec. 30, 2020). Mentioning the COVID-19 pandemic, disputing certain trial proof, and arguing that he would receive a lesser term of imprisonment if sentenced under current law, the defendant asks for compassionate release or a sentence reduction to 15 years.

## III. COMPASSIONATE RELEASE

Section 3582(c)(1)(A)(i) of Title 18, United States Code, allows district courts to consider prisoner motions for sentence reduction upon a finding of "extraordinary and compelling reasons." That statute, as amended by the First Step Act of 2018, provides in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons ["BOP"], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

> (i) extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission....

18 U.S.C. § 3582(c)(1)(A)(i). Prior to the First Step Act, a motion for compassionate release could only be brought by the BOP Director, not a defendant. *See* 18 U.S.C. § 3582(c)(1)(A) (2017). The First Step Act amended § 3582(c)(1)(A) to allow a defendant to file a motion for compassionate release after first asking the BOP to file such a motion on his behalf. *See, e.g., United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020).

The United States Sentencing Commission has promulgated a policy statement regarding compassionate release under § 3582(c), which is found at U.S.S.G. § 1B1.13 and the accompanying application notes. District courts in this circuit have generally turned to U.S.S.G. § 1B1.13 to provide guidance on the "extraordinary and compelling reasons" that may warrant a sentence reduction but, as of November 20, 2020, are no longer to do so, at least as to compassionate release motions filed by defendants (rather than by the BOP). *See United States v. Jones*, 980 F.3d 1098, 1108 (6th Cir. 2020) ("[H]olding" that guideline 1B1.13 "is not an 'applicable' policy statement when an imprisoned person files a motion for compassionate release.").[1] "District courts should [still] consider all relevant § 3553(a) factors before rendering a compassionate release decision." *Id.* at 1114.

A. **Exhaustion**

The defendant has previously filed a compassionate release request with the BOP, and more than 30 days have passed since that request was received by the warden. [Doc. 1182]. The Court thus has authority under § 3582(c)(1)(A) to address the instant motion.

---

[1] The parties in this case have not addressed any guideline policy statement other than § 1B1.13.

3

*See Alam*, 960 F.3d at 832.

   **B. Merits**

As mentioned above, in support of his motion the defendant cites the COVID-19 pandemic. He also again disputes certain trial proof, and argues that he would receive a lesser term of imprisonment if sentenced under current law. Consistent with § 3582 and the Sixth Circuit's directive, this Court has considered the defendant's arguments and the broader facts of this case in light of the pertinent § 3553(a) factors. Pursuant to 18 U.S.C. § 3553(a),

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider –
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
>   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
>   (B) to afford adequate deterrence to criminal conduct;
>
>   (C) to protect the public from further crimes of the defendant; and
>
>   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for—
>
>   (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—

> (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
>
> (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; . . .
>
> . . .
>
> (5) any pertinent policy statement—
>
> (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
>
> (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

The COVID-19 pandemic cannot alone justify compassionate release. *See, e.g., United States v. Shah*, No. 16-20457, 2020 WL 1934930, at *2 (E.D. Mich. April 22, 2020) ("[S]peculation as to whether COVID-19 will spread through Defendant's detention facility . . . , whether Defendant will contract COVID-19, and whether he will develop serious complications, does not justify the extreme remedy of compassionate release."); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release[.]").

The defendant's argument regarding the sentence he might receive today is primarily based on Section 401(a)(1) and (a)(2) of the First Step Act. Those sections, respectively, redefine the types of prior convictions that can be used to enhance a defendant's sentence under 21 U.S.C. § 851 and they reduce the enhanced mandatory minimum sentences for certain controlled substance offenses. However, pursuant to section 401(c) of the First Step Act, Section 401 applies only to persons who had not yet been sentenced as of December 21, 2018. *See* 132 Stat. 5194, 5221. The instant defendant was sentenced in 2011, more than seven years before the First Step Act became law. Section 401 of the First Step Act therefore does not apply to him, and this Court will not use the mechanism of compassionate release in this case to circumvent Congress's express intent. *See, e.g., United States v. Cisneros*, CR. NO. 99-00107 SOM, 2020 WL 3065103, at *3 (D. Haw. June 9, 2020) ("[T]his court hesitates to conclude that it should reduce Cisneros's sentence solely on the ground that the change in the law constitutes an extraordinary and compelling circumstance. Otherwise, every inmate who might receive a reduced sentence today would be eligible for compassionate release, and Congress's decision not to make the First Step Act retroactive would be meaningless.").[2]

Lastly, the defendant's attack on certain trial proof [doc. 1190] has already been raised and rejected in his § 2255 petition. [Docs. 1116, 1117]. The issue will not be discussed further.

---

[2] For the same reasoning, the defendant's reliance on *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019), is equally unavailing. *Havis* does not apply retroactively. *See Alexander v. United States*, No. 19-4005, 2020 WL 6111201, at *2 (6th Cir. June 30, 2020).

As to the nature and circumstances of the instant offense and the defendant's history and characteristics, in this case the defendant was the leader of a major drug distribution conspiracy for several years. He threatened a cooperating codefendant and shared with others his intent to send "goons" to harm the informant. [Presentence Investigation Report ("PSR"), ¶ 28].

There are prior controlled substance, weapons, and menacing convictions. [*Id.*, ¶¶ 71, 74-76, 78]. Parole has twice been revoked [*id.*, ¶¶ 74, 76], and the defendant violently assaulted another inmate while in presentencing custody in this case. [*Id.*, ¶ 86]. His polysubstance abuse began at age 11. [*Id.*, ¶ 95].

The BOP's SENTRY Report categorizes the defendant as a high-security inmate with a high risk of recidivism. He has been charged with seven disciplinary infractions between 2012 and 2016, including possessing controlled substances, importing controlled substances, attempted bribery of staff, and possession of a sharp metal rod. To his credit, there have been no disciplinary sanctions since November 2016 and the defendant has participated in some educational programming. He is encouraged to remain on that path.

Having considered the relevant § 3553(a) factors, the facts of this case, the defendant's history and characteristics, and the arguments raised in the instant motion, the Court does not find extraordinary and compelling reasons justifying the requested compassionate release. Such relief in this case would not reflect the seriousness of the instant offense, would not promote respect for the law or provide just punishment, and would not afford adequate deterrence or protect the public from future crimes.

The arguments raised by the defendant are unpersuasive. Even if those arguments had merit, his advisory guideline range would still be 360 months to life. [PSR, ¶ 100]. The defendant's criminal background is serious and his offenses in this case caused incalculable harm. The defendant has been in BOP custody since 2011 yet he remains a high-security inmate, indicating a greater need for deterrence and for protection of the public. These facts would not support a variance from the guideline range.

For these reasons, the defendant's compassionate release request will be denied.

## IV. CONCLUSION

The defendant's motions to clarify and/or amend [docs. 1180, 1182, 1190, 1193] are **GRANTED**.

His motion for compassionate release [doc. 1179] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge